**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| AMIR REID | : | |
| Appellant | : | No. 1135 EDA 2020 |

Appeal from the PCRA Order Entered January 22, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001405-2016

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          Filed: January 28, 2021

Amir Reid (Reid) appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Philadelphia County (PCRA court). He challenges the subject matter jurisdiction of the trial court and claims that plea counsel was ineffective in advising him to enter a negotiated guilty plea instead of arguing a motion to suppress, resulting in an invalid plea. After a thorough review, we affirm.

**I.**

We take the following factual background and procedural history from our independent review of the certified record and the PCRA court's July 28,

---

[*] Retired Senior Judge assigned to the Superior Court.

2020 opinion. On February 9, 2016, the Commonwealth filed an information against Reid charging him with Murder in the First Degree, Possession of a Firearm Prohibited and Possession of an Instrument of Crime with Intent (PIC)[1] for the murder of his 34-year-old stepfather. On April 4, 2016, Reid filed a motion to suppress his confession, arguing that the videotaped waiver of his *Miranda*[2] rights and confession were involuntary.[3] Counsel advised against pursuing the motion and recommended Reid take the negotiated plea deal. On March 20, 2017, a jury was selected, and on March 21, 2017, Reid entered a negotiated guilty plea to Murder in the Third Degree[4] and Possession of a Firearm Prohibited in exchange for the Commonwealth's agreement not

_____

[1] 18 Pa.C.S. §§ 2502(a), 6105(a)(1) and 907(a), respectively.

[2] *Miranda v. Arizona*, 386 U.S. 436 (1966).

[3] Specifically, the motion alleged that Reid's waiver of his *Miranda* rights and subsequent confession were involuntary because (1) a detective told him that, "if you make this make sense, you and your Mom will walk out of here[,]" and (2) he had been in the station "incommunicado" for 13 hours. (Motion to Suppress, 4/04/16, at 6 Paragraph 24; *see id.* at 6-7 Paragraphs 23-26). According to the PCRA court opinion, the confession is memorialized in the first of two videos, which was approximately 45 minutes long and was taken approximately nine hours after Reid was brought to the station. The second video was 13 hours long and taken some time after the confession. (*See* PCRA Court Opinion, 7/28/20, at 6). Although the videos were exhibits for trial purposes, (*see id.*), they were not in the certified record supplied to this Court, and our attempt to obtain them was unsuccessful.

[4] 18 Pa.C.S. § 2502(c).

to proceed on Murder in the First Degree, which carried a mandatory life sentence.

**A.**

At the Guilty Plea Hearing, Reid admitted to the recitation of facts and evidence provided by the Assistant District Attorney. The admitted facts were that on January 17, 2016, at approximately 7:30 p.m., Reid returned to his home where his mother and stepfather were. Reid sent his mother to a neighbor's home and the two men got into an argument and struggle. Reid possessed a firearm. His stepfather did not, and as he headed toward the back door to leave the residence, Reid shot him twice in the back from between eight to ten feet away. Reid then dragged his stepfather's body into an alley behind his home and discarded the firearm. He returned to the home with his mother and upon the police officers' arrival, he initially provided them false information that he had not seen his stepfather or heard gunshots. At the police station, Reid provided a videotaped ***Mirandized*** confession approximately nine hours after the murder. A second 13-hour videotape was recorded in the hours after the confession. Police also recovered the victim's blood from the residence, photographs showing drag marks from Reid's property to where the victim was found, a recording of a prison phone call from Reid to his mother in which he asked her to bleach the upstairs, downstairs and backyard of the home, and two text messages that the court previously had ruled admissible in which Reid was attempting to obtain a

firearm. The medical examiner confirmed that the victim died of two gunshots to the back and that each shot was fatal. The Commonwealth also advised that Reid has two prior felony convictions for possession with intent to deliver. (**See** N.T. Guilty Plea Hearing, 3/21/17, at 16-21).

Reid's counsel added that, "consistent with the Commonwealth's proof," Reid's statement would be that his mother had constantly contacted him that day to return to their home because she was afraid of the victim and his use of cocaine. (**Id.** at 21) (Reid "did come to the residence and thereafter the facts that were articulated by the Assistant District Attorney are what we now live with.").

Thereafter, the court conducted a thorough colloquy that affirmatively demonstrated that Reid understood what the plea connotated and its consequences. (**See id.** at 2-16, 25-32); **see Commonwealth v. Willis**, 68 A.3d 997, 1002 (Pa. 2013).[5] The written Guilty Colloquy Form reflected the same answers Reid supplied to the trial court on the record and mirrored the information supplied to him by the court. (**See** Written Guilty Plea Colloquy, 3/21/17). At the conclusion of the colloquy, Reid apologized to the victim's family, stating "I truly want to apologize. … Please, please, please forgive me and just know that if I could take everything back, I would in a heartbeat. … I truly, truly apologize and I beg, I beg and I beg that you please forgive me

---

[5] Reid does not challenge the guilty plea colloquy.

for my mistakes." (N.T. Guilty Plea Hearing, at 33-34). The court then sentenced Reid to an aggregate term of incarceration of not less than 20 nor more than 40 years' incarceration pursuant to the agreement's terms. No direct appeal was filed.

**B.**

On April 27, 2017, Reid filed a *pro se* PCRA petition in which he claimed ineffective assistance of counsel for not arguing either the motion to suppress his confession or a Rule 600 issue and for failing to provide him with discovery. (**See** *Pro Se* PCRA Petition, 4/27/17, at 4). Appointed counsel, Attorney Lloyd,[6] filed a **Turner**/**Finley**[7] "no merit" letter on August 14, 2019, and a motion to withdraw as counsel on September 4, 2019. Furthermore, on September 4, 2019, the court ordered counsel to produce any discovery in his possession to Reid, which he did, by sending all requested materials in his possession on September 30, 2019, and November 11, 2019. Reid filed a motion to proceed *pro se* on November 5, 2019, which he later withdrew upon the dismissal of his petition.[8] On December 5, 2019, the court filed Rule 907

---

[6] Previously appointed counsel, Attorney Benjamin Cooper, filed a "no merit" letter that only addressed the Rule 600 issue. The PCRA court removed Attorney Cooper and appointed Attorney James Lloyd.

[7] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[8] The court notes did not rule on the motion to proceed *pro se* because it "accepted the [**Turner**/**Finley** letter of no merit and pursuant to

- 5 -

notice of its intent to dismiss the petition, formally dismissing it on January 29, 2020. Reid timely[9] appealed[10] and he and the court have complied with Rule 1925. *See* Pa.R.A.P. 1925.

## II.

Reid raises two issues for our review, namely, that the PCRA court erred when it dismissed his claims that trial counsel was ineffective for encouraging him to accept a plea agreement instead of litigating the motion to suppress his statement to police,[11] resulting in an unknowing and involuntary plea, and

---

*Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa. Super. 2016), [Reid] was entitled to proceed *pro se*." (PCRA Ct. Op., at 1 n.3).

[9] The PCRA court suggests that this appeal is untimely. (*See* PCRA Ct. Op., at 2 n.4). The court docket reflects that the notice of appeal was filed on April 29, 2020, well-outside the 30-day appeal window. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, both the notice of appeal and the cash slip attached to it are dated February 20, 2020. Because Reid is incarcerated, we deem the appeal timely filed pursuant to the Prisoner Mailbox Rule. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997).

[10] "We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record." *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149 (Pa. Super. 2019).

[11] Reid also claims that trial counsel should have filed a motion to suppress the text messages in the Commonwealth's possession that reflected he had purchased a gun two months prior to the incident in question, as well as evidence of a prison phone call in which he advised his mother how to clean up the crime scene blood. (*See* Reid's Brief, at 7-9). Because he failed to raise either of these issues in his PCRA petition, they are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot

that the trial court lacked subject matter jurisdiction.[12]  (**See** Reid's Brief, at

vi, 1).  We will address the ineffective assistance of counsel claim first.

**A.**

Reid argues that counsel provided ineffective assistance resulting in an

invalid plea when he "filed a … motion to suppress [Reid's confession] and

failed to argue it[,]" instead advising Reid to plead guilty.  (**Id.** at 3).  He

maintains that if counsel "did the proper research, and went over the

evidence, he would have found that the female [detective] had an off camera

conversation/confession right before the on-camera confession which clearly

_____

be raised for the first time on appeal."); **Commonwealth v. Lambert**, 797 A.2d 232, 240-41 (Pa. 2001) ("[C]laims … not raised in appellant's PCRA petition … are waived.").

Further, although he attempts to raise a layered claim in which he alleges all trial and PCRA counsel were ineffective "for failing to argue that all prior counsel(s) were ineffective," this claim fails.  First, Attorney McMonagle, Reid's trial counsel after Attorney Maurer's pretrial withdrawal, would have had no opportunity to raise ineffectiveness claims, as such issues are not raised until post-conviction proceedings.  Second, Reid's first PCRA counsel, Attorney Cooper, was replaced by Attorney Lauer.  Attorney Lauer filed a **Turner/Finley** letter in which he thoroughly reviewed the issues raised in the pro se PCRA petition, the facts admitted at the Guilty Plea Hearing, and the record as a whole, and concluded that Reid's ineffective assistance of counsel claim was frivolous.  Hence, Reid was not prejudiced by Attorney Cooper's failure to address all PCRA issues and Attorney Lauer properly complied with the requirements for withdrawal of counsel.

[12] Once a defendant knowingly and voluntarily pleads guilty, he waives "all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." **Commonwealth v. Boyd**, 835 A.2d 812, 819 (Pa. Super. 2003) (citation omitted).  Therefore, Reid's claim properly is before us.

violates his ***Miranda*** warnings and 5th [A]mendment rights." (***Id.*** at 4). In sum, he alleges that counsel's failure to review the facts of his case led him to advise not pursuing the suppression motion and resulted in erroneous advice to enter the negotiated guilty plea. (***See id.*** at 6-16).

We first note the Commonwealth's observation that "one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements." (Commonwealth's Brief, at 10) (citing ***Commonwealth v. Muhammed***, 794 A.2d 378, 384 (Pa. Super. 2002)). Here, Reid affirmed at his Guilty Plea Colloquy that he was satisfied with counsel's representation and that he wanted to plead guilty. (***See*** N.T. Guilty Plea Hearing, at 11, 16). Therefore, on this basis alone, Reid is not entitled to relief on his challenge to trial counsel's alleged ineffective assistance in declining to further pursue his suppression motion and advising him to plead guilty. ***See Muhammed***, ***supra*** at 384 (concluding appellant was precluded from raising claim that attorney forced him into pleading guilty where he represented to the court during his guilty plea colloquy that he was satisfied with counsel's representation).

Moreover, for the reasons discussed below, even if Reid were not precluded from challenging the validity of his plea based on counsel's representation, the claim would lack merit.

**1.**

We are guided by the following legal principles. We presume counsel is effective and an appellant bears the burden to prove otherwise. **See Commonwealth v. Hanible**, 30 A.3d 426, 439 (Pa. 2011), *cert. denied*, 568 U.S. 1091 (2013). To succeed on an ineffectiveness claim, he must establish by a preponderance of the evidence that:

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

**Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010). The failure to satisfy any prong of the test requires rejection of the claim. **See Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010), *cert. denied*, 563 U.S. 1035 (2011).

> A criminal defendant has the right to effective counsel during a plea process as well as during a trial. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and quotation marks omitted).

"In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea." **Commonwealth v. Allen**, 732 A.2d 582,

587 (Pa. 1999). "[T]he decision to litigate, or not litigate, suppression motions is left to counsel in the exercise of his or her professional judgment. Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." **Commonwealth v. Johnson**, 179 A.3d 1153, 1160 (Pa. Super. 2018) (citations omitted); **see id.** at 1160-61 (finding trial counsel provided effective assistance when she advised client to accept guilty plea instead of further pursuing previously filed suppression motion where she had reasonable strategic basis "designed to effectuate Appellant's interests").

**2.**

Here, the PCRA court states that it would not have granted the suppression motion because, under the totality of the circumstances, Reid's confession was voluntary.[13] (**See** PCRA Ct. Op., at 7); (**see also** N.T. PCRA Hearing, 12/05/19, at 11-14). Reid alleges that had trial counsel further investigated, counsel would have filed a motion to suppress the confession

---

[13] The PCRA court relies in large part on what occurred in the first videotape, which contains Reid's confession. As stated previously, the certified record provided to this Court does not contain the videotape and our attempts to obtain it were unsuccessful. Therefore, we are precluded from considering the substance of the recording. **See Commonwealth v. Wrecks**, 931 A.2d 717, 722 (Pa. Super. 2007) ("Facts *dehors* the record, such as assertions that appear only in briefs and/or trial court opinions, are not to be considered. … [W]e do not consider substantive facts unless the record reveals them.") (citations omitted). However, this is not fatal to our analysis where we reach our conclusion based, not on the underlying merit of Reid's claim, but on the reasonable basis and prejudice prongs of the ineffectiveness test.

because Reid was coerced prior to receiving his videotaped **Miranda** warnings and making his inculpatory statement.

However, we conclude that even were the confession suppressed, the outcome of the proceedings would not have been any different and counsel's advice to enter the negotiated guilty plea rather than pursue the suppression motion was reasonably designed to effectuate Reid's interests. First, as observed by the PCRA court, Reid "faced the very real possibility of a first-degree murder conviction and a life sentence [where he] shot the decedent two times in the back as the decedent was walking away." (Trial Ct. Op., at 7); (**see also** N.T. PCRA Hearing, 12/05/19, at 17, 20). In exchange for pleading guilty to murder of the third degree, the Commonwealth withdrew the charge of murder of the first degree and its accompanying mandatory life sentence. Therefore, counsel had a reasonable strategic basis "designed to effectuate [Reid's] interests" for not pursuing the motion to suppress. **Johnson**, **supra** at 1161 (citation omitted).

Second, had Reid elected to go to trial, the Assistant District Attorney was prepared to present inculpatory evidence including two text messages showing that Reid was attempting to purchase a firearm approximately two months before the incident, crime scene photographs that showed drag marks from Reid's property to where the police found the victim, the victim's blood in his home and on the back step, a telephone recording of Reid asking his mother to clean the crime scene and the medical examiner's testimony that

each of the gunshot wounds to the victim's back was fatal. Therefore, Reid was not prejudiced by counsel's advice to forgo the suppression motion and plead guilty where there was not "a reasonable probability that the outcome of the proceedings would have been different." *Ali*, *supra* at 291 (citations omitted).

Hence, we conclude that the record supports the PCRA court's denial of the petition where "counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hickman*, *supra* at 141 (citations omitted); *see also Velazquez*, *supra* at 1149. Reid's first issue would lack merit.

**B.**

Next, we turn to Reid's allegation that the trial court lacked subject matter jurisdiction over his case. (*See* Reid's Brief, at 17-23). He argues that "the laws charged against him are not valid, or do not Constitutionally exist as they do not conform to certain Constitutional prerequisites, and thus are no laws at all, which prevent subject matter jurisdiction to the [trial] court." (*Id.* at 22-23). This issue lacks merit.

"Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." *Commonwealth v. Bethea*, 828 A.2d 1066, 1074 (Pa. 2003), *cert. denied*, 828 A.2d 1066 (2004) (citations omitted). "[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." *Id.*; *see also* 42

Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the Pennsylvania courts of common pleas).

Reid was charged with Murder, Possession of a Firearm Prohibited and PIC pursuant to Sections 2502, 6105(a)(1) and 907(a) of the Crimes Code. The crime occurred in Philadelphia, Pennsylvania. Judge Rosa Marie DeFino-Nastasi is assigned to the Criminal Division of the Court of Common Pleas in Philadelphia. Hence, she had subject matter jurisdiction to hear the case against Reid. *See Bethea*, *supra* at 1074; 42 Pa.C.S. § 931(a). Reid's second issue lacks merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/21

- 13 -